UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT,<br><br>    Respondent. | Case No. CV 19-10418 FMO (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF CERTIFICATE OF APPEALABILITY |

## I. <u>BACKGROUND</u>

On December 6, 2019, Petitioner William Ray Barton ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"). Pet., Dkt. No. 1.

Petitioner was convicted of his underlying criminal offense in 1976. Pet. at 2. Although Petitioner references a guilty plea and asserts that he is not guilty, the Petition's grounds for relief are not clear. *Id.* at 3. Records of the California Supreme Court indicate that Petitioner has not filed any appeals or state habeas petitions with that court.[1]

---

[1] The Court takes judicial notice of the records of the California Supreme Court, which are available at http://appellatecases.courtinfo.ca.gov. *See* Fed. R. Evid. 201(b)(2) (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot

This Court has received multiple habeas petitions from Petitioner starting in 2018, all of which have been dismissed for failure to exhaust state court remedies. *See Barton v. People State of California*, CV 18-5863-FMO-RAO (C.D. Cal., filed July 3, 2018); *Barton v. Superior Court*, CV 18-6853-FMO-RAO (C.D. Cal., filed Aug. 9, 2018); *Barton v. Board of Parole Hearings*, CV 18-9707-FMO-RAO (C.D. Cal., filed Nov. 16, 2018); *Barton v. People of the State of California*, CV 19-546-FMO-RAO (C.D. Cal., filed Dec. 28, 2018); *Barton v. Clerk of U.S. District Court, et al.*, CV 19-1178-FMO-RAO (C.D. Cal., filed Jan. 25, 2019); *Barton v. San Juaquin*, CV 19-4831-FMO-RAO (C.D. Cal., filed June 3, 2019); *Barton v. Gastelo*, CV 19-6535-FMO (RAO) (C.D. Cal., filed July 29, 2019); *Barton v. Superior Court*, CV 19-7382-FMO (RAO) (C.D. Cal., filed Aug. 26, 2019); *Barton v. Superior Court*, CV 19-9516-FMO (RAO) (C.D. Cal., filed Nov. 5, 2019).

Magistrate Judge Oliver held a hearing in this matter on January 22, 2020. Dkt. No. 7. At the hearing, Judge Oliver discussed with Petitioner his numerous habeas filings and explained to Petitioner that the instant Petition and another pending petition would likely be dismissed for failure to exhaust. Petitioner did not contend at the hearing that he has exhausted any of his habeas claims in the California state court.

## II. <u>DISCUSSION</u>

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The "Ninth Circuit has held that a federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground." *White v. Paramo*, Case No. CV 16-03531-ODW (KES), 2016 WL 3034669, at *2 (C.D. Cal.

---

reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

2

May 27, 2016) (citing *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987); *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam)) (dismissing petition for failure to exhaust state remedies with respect to sole claim for relief).

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, the records of the California Supreme Court do not reflect any appeals or habeas petitions filed by Petitioner. Although the exhaustion requirement may be excused under limited circumstances, *see* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), none of these circumstances appear to exist here. Petitioner has failed to exhaust his claim in state court, and summary dismissal of this action is appropriate.

Dismissal of the Petition is without prejudice to Petitioner's later pursuing habeas relief in federal court upon exhausting available remedies in the state courts. Petitioner is warned, however, that under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

///

///

## III. CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is summarily dismissing the instant Petition without prejudice because the Court has determined that Petitioner has failed to exhaust his habeas claim in state court. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

///
///
///
///
///
///

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice; and
2. A Certificate of Appealability is **DENIED**.

DATED: January 31, 2020

                                                            _____/s/_____
                                                            FERNANDO M. OLGUIN
                                                            UNITED STATES DISTRICT JUDGE

Presented by:

*Rozella A. Oliver*
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE